# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONDRE C. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-10-357-FHS-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Dondre C. Johnson requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As set forth below, the undersigned Magistrate Judge hereby RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on May 12, 1976, and he was thirty-three years old at the time of the administrative hearing. He earned a high school diploma but reported having a learning disability and stated that he has poor reading, writing, and math skills (Tr. 22). He has past relevant work as a cashier, industrial truck operator, and industrial commercial groundskeeper (Tr. 37). The claimant alleges he has been unable to work since July 30, 2005 because of a learning disability, nerve damage in his back, anxiety, and bipolar syndrome. (Tr. 114).

**Procedural History**

On January 22, 2008, the claimant applied for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His application was denied. ALJ Osly F. Deramus conducted a hearing and determined that the claimant was not disabled in a decision dated September 15, 2009. The Appeals Council denied review, so the ALJ's decision is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had severe impairments (anxiety, bipolar disorder, and chronic back pain) but retained the residual functional capacity ("RFC") to perform work light work as defined by 20 C.F.R. § 416.967(b). The ALJ found, however, that while claimant had psychologically-related limitations, he was nonetheless capable of performing simple and some complex tasks, relating to others on a superficial basis, and adapting to work situations (Tr. 17). The ALJ thus concluded that the claimant was capable of returning to his past relevant work as a cashier (Tr. 17).

## Review

The claimant contends that the ALJ erred: (i) by ignoring the "other source" opinions of his chiropractor, Dr. Brian Chadsey, regarding his work-related limitations and (ii) by failing to properly analyze his RFC at step four. The undersigned Magistrate Judge finds the claimant's first contention persuasive.

On February 16, 2006, Dr. Brian F. Chadsey, D.C. wrote that the claimant "is currently suffering from [a] neurologic condition which makes it difficult for him to sit in hard chairs." (Tr. 207). Just one month later, Dr. Chadsey wrote another note which stated that the claimant was prohibited from lifting over 30 pounds and that claimant "[m]ust be able to sit and stand at will." (Tr. 206). Finally, on June 26, 2008, Dr. Chadsey noted that claimant was a patient of his, had a "well documented history of ongoing back, neck and leg problems," and unable to work. (Tr. 284).

The ALJ considered Dr. Chadsey's statement that the claimant was unable to work and evaluated it in accordance with SSR-96-5p. However, the claimant's argument is that the ALJ failed to properly analyze Dr. Chadsey's opinions regarding the claimant's *actual physical* limitations, *i. e.*, Dr. Chadsey's opinions that claimant was prohibited from lifting more than 30 pounds and that claimant must be capable of sitting and standing at will. The Commissioner argues that Dr. Chadsey's opinion cannot be utilized to establish the presence of impairments, but this argument fails to consider the fact that the ALJ had already found that claimant's severe impairments included chronic back pain. (Tr. 12). Thus, Dr. Chadsey's notes merely addressed his opinion regarding the severity of claimant's back problems, which is an entirely proper purpose of "other source" opinions under Soc. Sec. Ruling 06-03p. *See* SSR 06-03p, 2006 WL 2329939, at *3 ("Opinions from [other sources] . . . are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file."). While the ALJ was not required to *adopt* Dr. Chadsey's opinions, he was also not entitled to ignore his opinions and should have discussed them in accordance with SSR 06-03p. *Carpenter v. Astrue*, 537 F.3d 1264, 1267-68 (10th Cir. 2008) ("Although a chiropractor is not an 'acceptable medical source' for *diagnosing* an impairment under the regulations, the agency has made clear that the opinion of such an 'other source' is relevant to the questions of *severity* and *functionality*. The ALJ was not entitled to disregard the 'serious problems' set out in Dr. Ungerland's opinion simply because he is a chiropractor.") [citations omitted]. This is especially true in light of the

effect that Dr. Chadsey's opinions about claimant's physical limitations may have had on the ALJ's findings regarding claimant's RFC at step four. *See* Soc. Sec. Rul. 96-9p, 1996 WL 374185, at *7 ("An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically . . . *The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing*.") [emphasis added].

Because the ALJ failed to properly analyze the "other source" opinions of Dr. Brian Chadsey, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis. If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

**Conclusion**

As set forth above, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. The undersigned Magistrate Judge accordingly RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED for further proceedings consistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 7th day of March, 2012.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma